**JUDGE SWEET**

**13 CIV 7347**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

RECEIVED OCT 17 2013 U.S.D.C. S.D.N.Y. CASHIERS

---

AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,

        *Plaintiffs,*

v.

UNITED STATES DEPARTMENT OF JUSTICE,

        *Defendant.*

**COMPLAINT FOR INJUNCTIVE RELIEF**

Case No. _____

Hon. _____

---

Arthur N. Eisenberg (AE-2012)
New York Civil Liberties Union
   Foundation
125 Broad Street, 19th Floor
New York, NY 10004
Phone: (212) 607-3300
Fax: (212) 607-3318
aeisenberg@nyclu.org

Patrick Toomey (PT-1452)
Jameel Jaffer (JJ-4653)
Alex Abdo (AA-0527)
Brett Max Kaufman (BK-2827)
American Civil Liberties Union
   Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
ptoomey@aclu.org

October 17, 2013

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records requested by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation from Defendant Department of Justice ("DOJ").

2. On March 29, 2013, Plaintiffs submitted a FOIA request (the "Request") to the DOJ seeking records related to the government's use of evidence derived from surveillance authorized by the FISA Amendments Act, 50 U.S.C. §§ 1881a *et seq.* ("FAA"), in criminal prosecutions and the government's provision of notice in prosecutions involving FAA surveillance.

3. While some components of DOJ have processed Plaintiffs' request, most have not, and no component has released any responsive record or explained why responsive records are being withheld.

4. The failure of these DOJ components to process and release responsive records is of particular concern because the Request relates to a highly controversial surveillance authority whose wisdom, effectiveness, and legality is a matter of intense and ongoing public debate. Indeed, the debate over FAA surveillance has only grown more pitched since Plaintiffs filed the Request six months ago. Revelations concerning the National Security Agency's ("NSA") interception of electronic communications pursuant to the FAA—including the emails, text messages, and phone calls of Americans—have prompted public outcry and calls for legislative reform. The public interest in the release of the requested records is substantial.

5. Plaintiffs now ask the Court for an injunction requiring the DOJ—in particular, its components the National Security Division, the Criminal Division, the Executive Office for

United States Attorneys ("EOUSA"), and the Federal Bureau of Investigation ("FBI")—to process the Request immediately. Plaintiffs also seek an order enjoining Defendant from assessing fees for the processing of the Request.

## JURISDICTION AND VENUE

6. This Court has both subject-matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. Plaintiff American Civil Liberties Union ("ACLU") is a nationwide non-profit and non-partisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the American government complies with the Constitution and laws, including its international legal obligations, in matters that affect civil liberties and human rights. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights.

9. Plaintiff American Civil Liberties Union Foundation is a separate 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

10. Defendant DOJ is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The DOJ is headquartered in Washington, D.C.

## FACTUAL BACKGROUND

### The FAA's Notice Requirement

11. The FAA gives the government broad authority to monitor Americans' international communications.

12. The government is required by statute to notify criminal defendants whenever it intends to use or disclose in a prosecution any information obtained or derived from its surveillance of the defendant's communications pursuant to the FAA. *See* 50 U.S.C. §§ 1881e(a), 1806(c). Notice is also required by the Fourth and Fifth Amendments to the United States Constitution.

13. In *Clapper v. Amnesty International USA*, 133 S. Ct. 1138 (2013), the government repeatedly assured the Supreme Court that it would notify criminal defendants in prosecutions where it intended to use or disclose evidence derived from FAA surveillance of the defendant. *See* Br. for Petitioner, *Clapper*, 2012 WL 3090949, at *8; Reply for Petitioner, *Clapper*, 2012 WL 5078759, at *15; Tr. of Oral Argument at 2-4, *available at* http://1.usa.gov/PgNwku. The Supreme Court relied on these representations in its ruling for the government, reproducing the government's language almost verbatim. *See Clapper*, 133 S. Ct. at 1154.

14. In testimony before the House Permanent Select Committee on Intelligence on June 18, 2013, FBI Deputy Director Sean Joyce indicated that FAA surveillance was critical to at least three criminal prosecutions. He referenced *United States v. Zazi*, No. 09-cr-00663 (E.D.N.Y.); *United States v. Headley*, No. 09-cr-00830 (N.D. Ill.); and *United States v. Ouazzani*, No. 10-cr-00025 (W.D. Mo.).

15. Senator Dianne Feinstein, chair of the Senate Select Committee on Intelligence, indicated on December 27, 2012, that FAA surveillance had resulted in at least eight other federal criminal prosecutions. She identified *United States v. Daoud*, No. 12-cr-00723 (N.D. Ill.);

*United States v. Gojali*, No. 12-cr-00092 (C.D. Cal.); *United States v. Nafis*, No. 12-cr-00965 (E.D.N.Y.); *United States v. Muhtorov*, No. 12-cr-00033 (D. Colo.); *United States v. El Khalifi*, No. 12-cr-00037 (E.D. Va.); *United States v. Osmakac*, No. 12-cr-00045 (M.D. Fl.); and *United States v. Arbabsiar*, No. 11-cr-00897 (S.D.N.Y.). While the Senate Select Committee on Intelligence has since claimed, in a September 16, 2013 letter, that Senator Feinstein did not mean to state that FAA surveillance was used in any or all of these cases, that assertion is difficult to square with her testimony. In urging her colleagues and the public to support reauthorization of the FAA, Senator Feinstein said, "So I believe the FISA Amendments Act is important and these cases show the program has worked."

16. In the five years since the FAA was enacted, not a single criminal defendant has received notice of the government's intent to use or disclose FAA-derived evidence.

17. On October 16, 2013, *The New York Times* reported that the Department of Justice for five years had a policy that deprived criminal defendants of notice that they had been surveilled under the FAA. *See* Charlie Savage, *Door May Open for Challenge to Secret Wiretaps*, N.Y. Times, Oct. 16, 2013, http://nyti.ms/1esJy1o. *The New York Times* reported that when the Solicitor General learned of this policy after the Supreme Court's decision in *Clapper*, he concluded that the policy "could not be justified legally." *Id.* Lawyers with other agencies—including the NSA, the FBI, and the Office of the Director of National Intelligence—concurred in this conclusion. *See id.*

### The FOIA Request

18. On March 29, 2013, the ACLU submitted a FOIA Request seeking:

   a. The case name, docket number, and court of all legal proceedings, including criminal prosecutions, current or past, in which the Department of Justice intends or intended to enter into evidence, or otherwise used or disclosed in

    any trial, hearing, or other proceeding, any information obtained or derived from electronic surveillance pursuant to the authority of the FAA;

  b. Policies, procedures, and practices governing the provision of notice to "aggrieved persons," as set forth in 50 U.S.C. § 1881e(a) and § 1806(c), of the government's intent to enter into evidence or otherwise use or disclose in any trial, hearing, or other proceeding information obtained or derived from electronic surveillance pursuant to the authority of the FAA; and

  c. Legal memoranda or opinions addressing or interpreting the FAA's notice provision or requirements, as set forth in 50 U.S.C. § 1881e(a) and § 1806(c).

19. The Request directed the DOJ to search for responsive records within its individual components, including the National Security Division, the Criminal Division, the EOUSA, the Office of Legal Counsel, the Office of Information Policy, and the Office of the Inspector General. The DOJ forwarded Plaintiffs' Request to one additional component—the FBI.

20. Plaintiffs sought expedited processing of the Request on the grounds that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. *See* 5 U.S.C. § 552(a)(6)(E); 28 C.F.R. § 16.5(d).

21. Plaintiffs sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.11(k).

22.     Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii); 28 C.F.R. § 16.11(d).

### The Government's Response to the Request

23.     In spite of the urgent public interest surrounding the requested documents, more than six months after Plaintiffs filed their Request, three components within the DOJ—the National Security Division, the Criminal Division, and the EOUSA—have neither released responsive records nor explained their failure to do so.

24.     The twenty-day statutory limit for the DOJ to respond to Plaintiffs' Request has elapsed. *See* 5 U.S.C. § 552(a)(6).

25.     A fourth DOJ component, the FBI, improperly denied Plaintiffs' Request in its entirety. Plaintiffs administratively appealed from this denial.

26.     The twenty-day statutory limit for the DOJ to respond to Plaintiffs' appeal of the FBI's denial has elapsed with no determination. *See* 5 U.S.C. § 552(a)(6).

27.     Plaintiffs challenge the responses of only these four DOJ components.

### National Security Division

28.     By letter dated April 17, 2013, the National Security Division acknowledged Plaintiffs' Request.

29.     By letter dated April 24, 2013, the National Security Division granted Plaintiffs' request for expedited processing and a fee waiver.

30.     To date, the National Security Division has neither released responsive records nor explained its failure to do so.

Criminal Division

31.    By letter dated April 23, 2013, the Criminal Division acknowledged Plaintiffs' Request. Without conducting any search of its records, the Criminal Division closed Plaintiffs' Request because it believed the Request had been misdirected.

32.    After consultation between Plaintiffs and Criminal Division staff, the Criminal Division reopened Plaintiffs' Request on April 30, 2013, which it acknowledged by letter dated May 14, 2013. In the same letter, the Criminal Division deferred Plaintiffs' request for a fee waiver.

33.    By letter dated June 5, 2013, the Criminal Division granted Plaintiffs' request for expedited processing.

34.    To date, the Criminal Division has neither released responsive records nor explained its failure to do so.

Executive Office for United States Attorneys

35.    By letter dated July 12, 2013, the EOUSA acknowledged Plaintiffs' Request. In the same letter, the EOUSA denied Plaintiffs' request for expedited processing and deferred Plaintiffs' request for a fee waiver.

36.    Plaintiffs administratively appealed from the EOUSA's denial of expedited processing on July 29, 2013.

37.    By letter dated August 13, 2013, the Office of Information Policy stated that it had reversed the EOUSA's denial of Plaintiffs' request for expedited processing and it remanded the matter to EOUSA for processing "as quickly as practicable."

38.    To date, the EOUSA has neither released responsive records nor explained its failure to do so.

Federal Bureau of Investigation

39. By letter dated April 12, 2013, the DOJ FOIA office acknowledged receipt of Plaintiffs' Request and stated that it was forwarding the Request to the FBI and the EOUSA.

40. By letter dated May 3, 2013, the FBI acknowledged receipt of Plaintiffs' Request.

41. On June 4, 2013, the FBI denied Plaintiffs' Request, stating that the first category of records sought was "too broad and vague" and therefore was not obtainable under FOIA. The FBI's denial did not address the second or third categories of records identified in Plaintiffs' Request.

42. Plaintiffs appealed from the FBI's denial of their Request on July 30, 2013.

43. By letter dated August 13, 2013, the Office of Information Policy stated that it had received Plaintiffs' appeal on August 1, 2013.

44. Plaintiffs have received no determination in response to their appeal from the FBI's denial of the Request.

**CAUSES OF ACTION**

45. Defendant's failure to make a reasonable effort to search for records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3), and Defendant's corresponding regulations.

46. Defendant's failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendant's corresponding regulations.

47. Defendant's failure to process Plaintiffs' request expeditiously and as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendant's corresponding regulations.

48. Defendant's failure to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendant's corresponding regulations.

49. Defendant's failure to grant Plaintiffs' request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendant's corresponding regulations.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendant and its components the National Security Division, the Criminal Division, the Executive Office for United States Attorneys, and the FBI to immediately process the Request and to release any responsive records not properly withholdable under FOIA;

B. Enjoin Defendant and its components from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Patrick Toomey

Arthur N. Eisenberg (AE-2012)  
New York Civil Liberties Union  
   Foundation  
125 Broad Street, 19th Floor  
New York, NY 10004  
Phone: (212) 607-3300  
Fax: (212) 607-3318  
aeisenberg@nyclu.org

Patrick Toomey (PT-1452)  
Jameel Jaffer (JJ-4653)  
Alex Abdo (AA-0527)  
Brett Max Kaufman (BK-2827)  
American Civil Liberties Union  
   Foundation  
125 Broad Street, 18th Floor  
New York, NY 10004  
Phone: (212) 549-2500  
Fax: (212) 549-2654  
ptoomey@aclu.org

October 17, 2013