UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
AMERICAN CIVIL LIBERTIES UNION et al.,

        Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF
JUSTICE,

        Defendant.
------------------------------------------------------------- x

13 Civ. 7347 (GHW)

**DECLARATION OF ZEYEN J. WU**

I, Zeyen J. Wu, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge in the course of my employment, hereby declare as follows relating to the above-titled matter:

1. I am currently a Special Assistant United States Attorney ("SAUSA") in the U.S. Attorney's Office for the District of Colorado ("USACO").

2. I am a SAUSA in the Civil Division and was assigned to coordinate the USACO's search for records in response to the FOIA requests made in the above-titled matter.

3. Assistant United States Attorney ("AUSA") Greg Holloway, the USACO's National Security and Anti-Terrorism Coordinator, was informed by the Executive Office for United States Attorneys ("EOUSA") that the ACLU had requested certain records pursuant to the Freedom of Information Act ("FOIA")—the request that is the subject of the above-titled lawsuit. AUSA Holloway was also informed that counsel for the government in this lawsuit and the ACLU had agreed to limit the initial search for records within the United States Attorney's Offices to the Districts of Colorado and Oregon.

4. AUSA Holloway was the only AUSA in the USACO involved in the case of *United States v. Muhtorov and United States v. Jumaev*. AUSA Holloway determined, having knowledge of the USACO's terrorism and national security cases because of his position as

Coordinator, that he was the only person in the office who was responsible for handling any case that utilized information obtained or derived from surveillance under the authority of the FISA Amendments Act, 50 U.S.C. § 1881e, and thus, the only person in the USACO with records potentially responsive to the FOIA requests.

5. Because he was assigned to the *Muhtorov* case, AUSA Holloway conducted the search for responsive records for USACO.

6. As a result of ongoing litigation in the *Muhtorov* prosecution and a separate prosecution in the District of Oregon, both of which are being jointly handled by the respective United States Attorney's Offices and the National Security Division of the Department of Justice ("NSD"), and because many of the records at issue in those cases are classified as national security information, it was agreed among the two United States Attorney's Offices, EOUSA, and NSD that the results of the FOIA searches would be forwarded to NSD, rather than EOUSA, for review.

7. On or around April 28, 2014, with the assistance of Thom Zinser, IT Director for the USACO (now retired), AUSA Holloway conducted a keyword search of certain electronic records, as described below, using the following terms: "aggrieved," "1881e(a)," "FAA," and "702".

8. These proposed search terms were received from the United States Attorney's Office for the District of Oregon. AUSA Holloway determined that these terms were appropriate for this office's search for records as well.

9. A search using the terms above was conducted of AUSA Holloway's unclassified network drive folder and his shared network folder on the USACO's server system. Any electronic files containing responsive records would be on these drives. Electronic case files are not stored on local hard drives. This search returned no results.

10. A search using the terms above was conducted of AUSA Holloway's unclassified Microsoft Outlook e-mail system, from approximately April 28, 2014, to as far back as the U.S. Attorney's Office e-mail system had records. It is my understanding that U.S. Attorney's Office e-mail records are archived for three years from the date of deletion. This search returned 31 separate unique e-mail files (some of which had attachments).

11. AUSA Holloway transferred these records to me, and I transferred them to NSD for review.

12. It is my understanding that USACO lacks the capacity to search classified computer systems (known as "JCON-S" and "JCON-TS"). Accordingly, it is my understanding that searches of JCON-S and JCON-TS proceeded as follows: USACO informed EOUSA that I was the only person in the USACO with potentially responsive records in the JCON-S and JCON-TS systems. EOUSA then arranged for a search of those systems, using the same electronic search terms set out above. The results of that search were forwarded to NSD for review.

13. Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated:   Denver, Colorado
         July 18, 2014

                                    By:  _____
                                         Zeyen J. Wu
                                         Special Assistant United States Attorney
                                         United States Attorney's Office
                                         District of Colorado

3