UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMERICAN CIVIL LIBERTIES UNION et al.,

           Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF
JUSTICE,

           Defendant.

------------------------------------------------------------ x

13 Civ. 7347 (GHW)

**DECLARATION OF CHARLES F. GORDER, JR.**

      I, Charles F. Gorder, Jr., pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge in the course of my employment, hereby declare as follows relating to the above-titled matter:

      1.     I am currently an Assistant United States Attorney in the U.S. Attorney's Office for the District of Oregon ( the "USAOR").   I am the USAOR's National Security, Anti-Terrorism, and International Affairs Coordinator.   I have served as the Anti-Terrorism Coordinator since September 2001, and as the National Security and International Affairs Coordinator since the late 1990s.

      2.     As the National Security and Anti-Terrorism Coordinator, I am responsible for prosecuting criminal cases involving international terrorism and other criminal matters with national security implications.   I am also generally familiar with other similar cases handled by other Assistant United States Attorneys ("AUSAs") in the USAOR, including the case of *United States v. Mohamud*, and am aware of every criminal prosecution in this office that utilized information obtained or derived from surveillance under the authority of the FISA Amendments Act, 50 U.S.C. § 1881e (the "FAA").

3.      I was informed in January 2014 by the Executive Office for United States Attorneys ("EOUSA") that the ACLU had requested certain records pursuant to the Freedom of Information Act—the request that is the subject of the above-captioned lawsuit.   EOUSA further informed me that counsel for the government in this lawsuit and the ACLU had agreed to limit the initial search for records within the United States Attorney's Offices to the Districts of Colorado and Oregon.

4.      Because I was the National Security and Anti-Terrorism Coordinator for the office, I was asked to conduct the search for the USAOR.   As the National Security and Anti-Terrorism Coordinator for the office, I was familiar with the kinds of records in the USAOR potentially responsive to the FOIA requests.

5.      In response, based on the ACLU's requests, and on my knowledge of the records that might be responsive to those requests within the USAOR, their contents, their locations, and who might possess them, in February 2014 I proposed a search protocol to EOUSA and NSD. The search protocol consisted of searching USAOR's Criminal Procedures Manual—which would contain any policies, practices, or procedures regarding FISA or its notice provisions—for responsive documents.   In addition, the protocol provided for searching the computer files of any USAOR AUSA who worked on any case identified as involving the use of information obtained or derived under FISA.   The search terms for the computer systems were "aggrieved," "1881e(a),", "FAA," and "702."  This search protocol was ultimately agreed to by all interested parties, and is the protocol the USAOR followed, as further detailed in this declaration.

6.      In February 2014, I tasked the seven (7) AUSAs in the USAOR who, based upon their unit assignments in the office and their security clearances, could have handled a case involving FAA surveillance.   I requested these AUSAs review their case list from July 2008 to

date and identify any case where they had given notice of intent to use or actually had used or disclosed evidence obtained or derived from electronic surveillance pursuant to the FAA.

7.      Because of ongoing litigation in the *Mohamud* prosecution and a separate prosecution in the District of Colorado, both of which are being jointly handled by the respective United States Attorney's Offices and the National Security Division of the Department of Justice ("NSD"), and because many of the records at issue in those cases are classified as national security information, it was agreed among the two United States Attorney's Offices, EOUSA, and NSD that the results of the FOIA searches would be forwarded to NSD, rather than EOUSA, for review.

8.      Based upon the responses I received from the AUSAs referred to in paragraph 6 above, I directed the Intelligence Specialist in our office to work with one of our systems managers and search our unclassified computer systems for documents and emails in the accounts of four (4) AUSAs, including myself, who either were assigned to an FAA-related prosecution or otherwise had some involvement in such a matter.   The four terms used for this search were the following: "aggrieved" "1881e(a)" "FAA" and "702".   As a result of that search, I received a computer disk containing approximately 191 documents and 1910 emails.   During the week of March 24, 2014, I went through all of these documents and emails to determine which, if any, were responsive to request #s 2 or 3.   I determined that many of the results were duplicative, and most were not responsive to the FOIA request.   Ultimately, I determined that 8 unique documents were at least possibly responsive to the request.   These records were forwarded in their entirety to NSD for review.

9.      The USAOR lacks the technical capacity to search its classified computer systems (known as "JCON-S" and "JCON-TS").   Accordingly, it is my understanding that searches of our JCON-S and JCON-TS systems were to be conducted by personnel at Main Justice.   The USAOR

informed EOUSA of the names of the persons in the USAOR with potentially responsive records in the JCON-S and JCON-TS systems and provided Main Justice personnel with the search terms "aggrieved" "1881e(a)"  "FAA" and "702".

10.    Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated:    Portland, Oregon
          July 23, 2014

By:    _____
       Charles F. Gorder, Jr.
       Assistant United States Attorney
       United States Attorney's Office
       District of Oregon

4