UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | 13 Civ. 7347 (GHW) |

# DECLARATION OF PATRICK TOOMEY

I, Patrick Toomey, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Patrick Toomey. I am an attorney with the American Civil Liberties Union Foundation and counsel for Plaintiffs in this litigation. I am familiar with and have personal knowledge of the facts set forth herein and could and would testify competently thereto if called upon to do so.

2. I submit this declaration in support of Plaintiffs' Cross-Motion for Partial Summary Judgment and Opposition to Defendant's Motion for Partial Summary Judgment.

3. In response to Plaintiffs' FOIA request dated March 29, 2013, Defendant Department of Justice ("DOJ") identified as responsive five documents held by the National Security Division (the "NSD Documents"). Those documents are listed on the Vaughn Index attached to the Declaration of Mark A. Bradley (ECF No. 19).

4. DOJ has withheld all of the NSD Documents in full, asserting that each of them is withholdable under the deliberative process privilege, the attorney-client privilege, and the work-product doctrine.

5. DOJ has provided extremely limited factual information about each of the withheld NSD Documents. The factual information DOJ has provided is limited to four paragraphs in the Bradley Declaration, *see* ¶¶ 17-18, 20, 22, and the attached Vaughn Index.

6. Among other things, DOJ has not provided information about the circumstances related to the creation of each of the NSD Documents including, but not limited to, who requested them, for what purpose, and the roles of the agency employees involved in their creation.

7. DOJ has not provided information about the timing, chronology, or nature of its decision-making concerning DOJ's obligation to provide notice of FISA Amendments Act surveillance.

8. DOJ has not provided information about the circulation or distribution of each of the NSD Documents, including who received copies of the NSD Documents and when.

9. DOJ has not provided information about how it used or relied upon each of the NSD Documents, particularly after July 17, 2013.

10. DOJ has not provided information about whether any of the NSD Documents contain DOJ's working law or adopted policy, either formal or informal.

11. DOJ has claimed that each of the NSD Documents is privileged and, therefore, exempt from disclosure under FOIA. It has moved for summary judgment on that basis. *See* Gov't Br. (ECF No. 18). However, Plaintiffs lack information other than that contained in the Declaration of Mark Bradley or otherwise found in public sources. Plaintiffs have had no

opportunity to inquire into the factual basis for DOJ's claims of privilege or into facts establishing that the NSD Documents contain DOJ's working law, either formal or informal.

12. By email dated March 7, 2014, DOJ informed Plaintiffs that at least one of the documents listed on NSD's Vaughn Index refers, in its text, to another document on the list.

13. DOJ has not specified which two documents are connected in this way, nor has it provided information about how those documents are related, including whether one relies upon or adopts the reasoning or conclusions of the other.

14. By emails dated July 3 and July 7, 2014, DOJ informed Plaintiffs that EOUSA located copies of the memoranda listed as Numbers 1 and 4 on NSD's Vaughn Index during its search of files in the U.S. Attorney's Office in the District of Oregon. Document Number 1 is a memorandum prepared by the Office of the Solicitor General (the "OSG Memo"). Document Number 4 is a memorandum prepared by the Attorney General's Advisory Committee (the "AGAC Memo").

15. DOJ has not provided information about when or why the OSG Memo or the AGAC Memo were transmitted to the U.S. Attorney's Office in the District of Oregon.

16. Based on public court filings and congressional statements, there appear to be at least fifteen prosecutions involving FAA surveillance. Specifically, the government has filed notices of FAA surveillance in five prosecutions to date: *United States v. Mihalik*, No. 11-cr-00833 (C.D. Cal.); *United States v. Hasbajrami*, No. 11-cr-00623 (E.D.N.Y.); *United States v. Khan*, No. 12-cr-00659 (D. Or.); *United States v. Mohamud*, No. 10-cr-00475 (D. Or.); *United States v. Muhtorov*, No. 12-cr-00033 (D. Colo.). In congressional testimony on June 18, 2013, FBI Deputy Director Sean Joyce referred to the use of FAA surveillance in three additional prosecutions. *See How Disclosed NSA Programs Protect Americans, and Why Disclosure Aids*

*Our Adversaries: Hearing Before the H. Permanent Select Committee on Intelligence*, 113th Cong. at 9-10, 18-19 (June 18, 2013), http://1.usa.gov/1mz0YjI (statement of Sean Joyce). Those cases are: *United States v. Headley*, No. 09-cr-00830 (N.D. Ill.); *United States v. Zazi*, No. 09-cr-00663 (E.D.N.Y.); *United States v. Ouazzani*, No. 10-cr-00025 (W.D. Mo.). Furthermore, on December 27, 2012, Senator Feinstein identified seven other prosecutions that, she said, showed the FAA surveillance program "has worked." 145 Cong. Rec. S8393 (daily ed. Dec. 27, 2012). Those cases are: *United States v. Gojali*, No. 12-cr-00092 (C.D. Cal.); *United States v. Osmakac*, No. 12-cr-00045 (M.D. Fla.); *United States v. Daoud*, No. 12-cr-00723 (N.D. Ill.); *United States v. Qazi*, No. 12-cr-60298 (S.D. Fla.); *United States v. El Khalifi*, No. 12-cr-00037 (E.D. Va.); *United States v. Nafis*, No. 12-cr-00965 (E.D.N.Y.); *United States v. Arbabsiar*, No. 11-cr-00897 (S.D.N.Y.).

17. NSD did not specify for Plaintiffs the search limitations it applied to the Request until after NSD's search had been carried out, on February 4, 2014.

18. Thereafter, Plaintiffs objected to those limitations on multiple occasions, both during conversations between counsel and in writing, including on February 4, February 5, April 23, and April 29, 2014. Plaintiffs will provide the Court with copies of their written correspondence should the Court request it.

19. Attached hereto as **Exhibit A** is a true and correct copy of Adam Liptak, *A Secret Surveillance Program Proves Challengeable in Theory Only*, N.Y. Times, July 15, 2013, http://nyti.ms/1lMs0zW.

20. Attached hereto as **Exhibit B** is a true and correct copy of Charlie Savage, *Door May Open for Challenge to Secret Wiretaps*, N.Y. Times, Oct. 16, 2013, http://nyti.ms/1sBRGDr ("Savage Article I").

21. Attached hereto as **Exhibit C** is a true and correct copy of Devlin Barrett, *U.S. Spy Program Lifts Veil in Court*, Wall St. J., July 31, 2013, http://on.wsj.com/V9H3N2 ("Barrett Article").

22. Attached hereto as **Exhibit D** is a true and correct copy of Sari Horwitz, *Justice is Reviewing Criminal Cases that Used Surveillance Evidence Gathered Under FISA*, Wash. Post, Nov. 15, 2013, http://wapo.st/TaTcAg ("Horwitz Article").

23. Attached hereto as **Exhibit E** is a true and correct copy of Charlie Savage, *Federal Prosecutors, in a Policy Shift, Cite Warrantless Wiretaps as Evidence*, N.Y. Times, Oct. 26, 2013, http://nyti.ms/VcZEqY ("Savage Article II").

24. Attached hereto as **Exhibit F** is a true and correct copy of Plaintiffs' March 29, 2013 Freedom of Information Act request ("Request").

25. Attached hereto as **Exhibit G** is a true and correct copy of Robert Barnes & Ellen Nakashima, *U.S. Tells Terror Suspect It Will Use Surveillance Evidence*, Wash. Post, Oct. 25, 2013, http://wapo.st/1qdl8g2 ("Barnes & Nakashima Article").

26. Attached hereto as **Exhibit H** is a true and correct copy of the Government's Unclassified Response to Defendant's Alternative Motion for Suppression of Evidence and a New Trial, *United States v. Mohamud*, No. 10-cr-00475 (D. Or. May 3, 2014) (ECF No. 509) ("*Mohamud* Memo"). EOUSA located this memorandum of law in the files of the U.S. Attorney's Office for the District of Oregon and produced a copy of it to Plaintiffs in response to their FOIA request on May 30, 2014.

27. Attached hereto as **Exhibit I** is a true and correct copy of the Government's Unclassified Memorandum in Opposition to Defendants' Motion to Suppress Evidence Obtained or Derived from Surveillance under the FISA Amendments Act and Motion for Discovery,

*United States v. Muhtorov*, No. 12-cr-000333 (D. Colo. May 9, 2014) (ECF No. 559) ("*Muhtorov* Memo"). EOUSA located this memorandum of law in the files of the U.S. Attorney's Office for the District of Colorado and produced a copy of it to Plaintiffs in response to their FOIA request on May 30, 2014.

28. Attached hereto as **Exhibit J** is a true and correct copy of the Defendant's Motion to Clarify the Legal Authority Relied upon by the Government to Conduct Electronic Surveillance, *United States v. Khan*, No. 11-cr-20331 (S.D. Fla. Dec. 14, 2011) (ECF No. 219).

29. By email dated July 15, 2014, DOJ confirmed for Plaintiffs that the redacted portions of the *Mohamud* Memo and the *Muhtorov* Memo contain discussion of the FAA's notice provision, including the application of that notice provision to the facts of each case.

30. Nonetheless, DOJ has not processed those redacted portions of either brief in response to Plaintiffs' Request.

31. I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, based on my personal knowledge, information, and belief.

Dated: August 22, 2014
New York, New York

Respectfully submitted,

_/s/ Patrick Toomey_
Patrick Toomey

American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654
ptoomey@aclu.org