

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

By ECF                                                                                           October 16, 2014

The Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

     Re:   *ACLU v. DOJ*, 13 Civ. 7347 (GHW)

Dear Judge Woods:

     This Office represents defendant, the United States Department of Justice (the "government"), in the above-named action, brought by the American Civil Liberties Union (the "ACLU") under the Freedom of Information Act. We write respectfully in response to the ACLU's letter of October 8, 2014, citing two recent district court decisions. Neither decision is relevant to the matters now before the Court.

     In *Hasbajrami v. United States*, the government's 2011 notice under 50 U.S.C. § 1806(c) stated that the government intended to use or disclose information obtained or derived from electronic surveillance and physical searches conducted pursuant to the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §§ 1801–1812, 1821–1829. At the time the government provided this notice, the Department of Justice had not considered the particular question of whether and under what circumstances information obtained through such electronic surveillance or physical search could also be considered to be derived from prior collection under Title VII, the FISA Amendments Act. Several years after the defendant's plea of guilty, the Department determined that information obtained or derived from electronic surveillance or physical search may in particular cases also be derived from prior Title VII collection, such that notice concerning both collections should be given in appropriate cases with respect to the same information. Based on that determination, the government reviewed the evidence that it had produced in discovery and would have offered against the defendant at trial had he not pleaded guilty, and determined that some of the evidence obtained and derived from electronic surveillance and physical search was also derived from Title VII collection as a matter of law. The government therefore provided the defendant with a supplemental notice in February 2014, stating that had the case been tried, the government intended to use or disclose information derived from acquisition of foreign intelligence information conducted pursuant to Title VII. In its order of October 2, 2014, the district court permitted the defendant to withdraw his guilty plea, holding that he had been unable to make an intelligent decision about whether to plead guilty because he had not been sufficiently informed about the facts.

All of this is entirely consistent with the government's position in this case, and its explanation of the Department's consideration and review of these issues. (Gov't Br. 3–5). Contrary to the ACLU's representation now, the district court did not "[r]eject[]" the position that the lack of notice was "inadvertent or 'idiosyncratic,'" positions the government never advanced; nor did the court rule that the defendant would be permitted to withdraw his plea "precisely because" the government had not provided a FISA Amendments Act notice in a number of criminal cases. (ACLU Letter at 1–2). All *Hasbajrami* stands for is the conclusion that the defendant in that case lacked sufficient information before entering his guilty plea, and that with the information the government has now provided he may withdraw that plea. That conclusion is irrelevant to the present case.

*ACLU v. FBI* is immaterial for a different reason. In that case, the district court criticized the government for what it deemed inconsistent positions regarding the effect of a rule of the Foreign Intelligence Surveillance Court on FOIA disclosures. The government respectfully disagrees with the court's conclusions in that regard, and will soon take advantage of the opportunity offered by the court to file a supplemental submission. In any event, the district court's conclusions about NSD's interpretations of the FISC rules in that case have no bearing on what NSD has said in this case about its own practices, records, and deliberations; and the ACLU has identified no facts that warrant declining to afford the government the legally required presumption of good faith in this case.

We also note that, while this litigation was pending (and after the government's initial motion for summary judgment was filed), the ACLU filed a new FOIA request, seeking broad categories of records concerning FISA and the FISA Amendments Act, dating back to 1978. NSD has a large number of documents responsive to this new request, which it is currently processing. While the government does not dispute the ACLU's right to pursue the present action, whatever records the ACLU may hope to obtain in response to the narrowly phrased FOIA request now before the Court would also be responsive to the new, broadly phrased request.

Thank you for your consideration.

                                          Respectfully,

                                          PREET BHARARA
                                          United States Attorney

By:   /s/ Benjamin H. Torrance
       BENJAMIN H. TORRANCE
       Assistant United States Attorney
       Telephone: 212.637.2703
       Fax: 212.637.2702
       E-mail: benjamin.torrance@usdoj.gov

cc:   Patrick Toomey, Esq.