USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
      :
      :
AMERICAN CIVIL LIBERTIES UNION, *et ano*,  :
      :
      :   1:13-cv-7347-GHW
      Plaintiffs,  :
      :   MEMORANDUM OPINION
    -against-  :   AND ORDER
      :
UNITED STATES DEPARTMENT OF JUSTICE,  :
      Defendant.  :
      :
------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

    This Freedom of Information Act litigation concerns a request by the American Civil Liberties Union for records pertaining to the United States Department of Justice's policy on giving notice to criminal defendants and others against whom it intends to use evidence derived from warrantless surveillance authorized by the FISA Amendments Act. Two prior rulings of the Court have narrowed the issues in this case significantly. Two questions remain: (1) May the DOJ withhold approximately 45 responsive documents as work product pursuant to FOIA Exemption 5? (2) Do any of the approximately 80 documents withheld by the DOJ under FOIA Exemption 5 contain segregable non-exempt information that must be disclosed? Because the affidavits submitted by the DOJ adequately demonstrate that the documents are protected work product and do not contain segregable information, the DOJ's motion for summary judgment is GRANTED.

## I. INTRODUCTION

    This dispute between the American Civil Liberties Union ("ACLU") and the United States Department of Justice ("DOJ") began on March 29, 2013, when the ACLU requested records

pertaining to the DOJ's policy regarding the provision of notice to criminal defendants and others against whom it intends to use evidence derived from warrantless surveillance authorized by the FISA Amendments Act, 50 U.S.C. §§ 1881a *et seq.* ("FAA"). *See* Complaint, Dkt. No. 1, ¶ 18. The ACLU filed this lawsuit on October 17, 2013, seeking an injunction requiring the DOJ to process its request, after the DOJ failed to respond timely. The full text of the ACLU's FOIA request is provided in the Court's March 3, 2015 and September 27, 2016 orders. Dkt. Nos. 35, 61 (the "2015 Opinion" and "2016 Opinion," respectively).

Although the DOJ has located approximately 80 documents responsive to the ACLU's request, it has not produced any of them to the ACLU. Rather, the DOJ has withheld all responsive documents pursuant to FOIA Exemption 5, which exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency . . . ." 5 U.S.C. § 552(b)(5).

At various stages in this litigation, the ACLU has challenged both the adequacy of the DOJ's searches for responsive documents and the applicability of Exemption 5 to the responsive documents the DOJ has withheld. In the 2015 Opinion and the 2016 Opinion, the Court ruled upon the adequacy of the DOJ's searches and the applicability of Exemption 5 to 36 of the responsive documents the DOJ withheld. The Court concluded that Exemption 5 applied to the documents withheld by the DOJ National Security Division ("NSD"), with the exception of NSD Doc. No. 7. The issues remaining for resolution by the Court are (1) the applicability of Exemption 5 to NSD Doc. No. 7 and to documents withheld by the DOJ Executive Office for United States Attorneys ("EOUSA") and (2) whether any of the documents properly withheld under Exemption 5 in the first instance contain segregable non-exempt material that must be disclosed to the ACLU.

In the 2016 Opinion, the Court granted the DOJ the opportunity to further substantiate its claim of work product protection with respect to the EOUSA documents and NSD Doc. No. 7.

2

The Court also ordered the DOJ to conduct a segregability analysis with respect to the NSD documents entitled to protection under Exemption 5. The Court deferred ruling on segregability as to the withheld EOUSA documents and NSD Doc. No. 7 pending its determination regarding the applicability of Exemption 5 to those documents.

On November 14, 2016, the DOJ filed a renewed motion for summary judgment. Dkt. No. 62. The ACLU opposed that motion on December 14, 2016. Dkt. No. 66. The DOJ's motion seeks a ruling that (1) the EOUSA documents and NSD Doc. No. 7 constitute work product protected from disclosure pursuant to FOIA Exemption 5 and (2) none of the documents the DOJ has withheld on behalf of the EOUSA and NSD contain reasonably segregable non-exempt material that must be disclosed. Because the Court finds that the affidavits submitted by the DOJ in connection with its renewed motion for summary judgment demonstrate that it is entitled to judgment as a matter of law on both issues, the DOJ's renewed motion for summary judgment is granted.

## II. LEGAL FRAMEWORK

In the 2015 Opinion and 2016 Opinion, the Court discussed in detail the statutes relevant to this dispute, including the relevant provisions of FOIA and its Exemption 5, the Foreign Intelligence Surveillance Act, and the FAA. Familiarity with the 2015 Opinion and 2016 Opinion is presumed. As a result, the Court provides here only a limited discussion of the governing legal principles to aid the reader.

### A. Summary Judgment Standard

A moving party is entitled to summary judgment if it can "show[ ] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit

under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To defeat a motion for summary judgment, the non-moving party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted). "[M]ere speculation or conjecture as to the true nature of the facts" will not suffice. *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citations and internal quotations omitted). A party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586.

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)). The Court's job is not to "weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 254 (2d Cir. 2002). Rather, the Court must decide whether a rational juror could find in favor of the non-moving party. *Id.* "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (citations omitted).

**B. FOIA and Exemption 5**

"Congress intended FOIA to permit access to official information long shielded unnecessarily from public view." *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011) (citation and internal quotation marks omitted). "FOIA thus mandates that an agency disclose records on request, unless they fall within one of nine exemptions." *Id.* "It is the responsibility of the federal courts to conduct *de novo* review when a member of the public challenges an agency's assertion that a

4

record being sought is exempt from disclosure. The burden of proof, upon such review, rests with the agency asserting the exemption, with doubts resolved in favor of disclosure." *A. Michael's Piano, Inc. v. F.T.C.*, 18 F.3d 138, 143 (2d Cir. 1994) (internal citation omitted).

FOIA Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency . . . ." 5 U.S.C. § 552(b)(5); *see also Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 352 (1979) ("Exemption 5 of the FOIA . . . provides that the affirmative disclosure provisions do not apply to 'inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.'") (citing 5 U.S.C. § 552(b)(5)). "Courts have interpreted Exemption 5 to encompass traditional common-law privileges against disclosure, including the work-product doctrine and . . . deliberative process and attorney-client privileges." *Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005).

### C. Agency Affidavits

When an agency withholds records in a FOIA case and a civil complaint challenges that decision, the district court must "determine the matter *de novo*," and in such a case, "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). "An agency that has withheld responsive documents pursuant to a FOIA exemption can carry its burden to prove the applicability of the claimed exemption by affidavit . . . ." *Wilner v. Nat. Sec. Agency*, 592 F.3d 60, 73 (2d Cir. 2009) (citation omitted); *see also Carney*, 19 F.3d at 812 ("Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden.").

Affidavits submitted by an agency "'are accorded a presumption of good faith.'" *Florez v. Cent. Intelligence Agency*, 829 F.3d 178, 182 (2d Cir. 2016) (quoting *Ctr. for Constitutional Rights v. C.I.A.*,

5

765 F.3d 161, 166 (2d Cir. 2014)). "[A]ccordingly, discovery relating to . . . the exemptions [the agency] claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Long v. Office of Personnel Mgmt.*, 692 F.3d 185, 191 (2d Cir. 2012) (quoting *Carney*, 19 F.3d at 812)). "Summary judgment is warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Wilner*, 592 F.3d at 73 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (internal quotation marks and citations omitted)).

## III. DISCUSSION

### A. Work Product

The DOJ requests summary judgment on the basis that the EOUSA documents and NSD Doc. No. 7 are protected by the attorney work product doctrine. If the documents constitute work product, they are exempt from disclosure pursuant to FOIA Exemption 5. The Court finds that the declaration submitted by the DOJ in support of this request demonstrates that the documents at issue are work product, because they were created because of anticipated criminal prosecutions (*i.e.*, litigation) in which DOJ's notice obligations under the FAA might be at issue. The DOJ is entitled to summary judgment on the issue of work product protection for the EOUSA documents and NSD Doc. No. 7.

#### 1. Legal Standard

The attorney work-product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) (citation omitted). Documents "should be deemed prepared 'in anticipation of litigation' . . . if, in light of the nature of the document and the factual

6

situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis in original) (citation omitted). In adopting this formulation of the privilege, the Second Circuit expressly rejected a more limited formulation, which would protect only those documents prepared "primarily or exclusively to assist in litigation." *Id.* at 1198.

"Where a document was created because of anticipated litigation, and would not have been prepared in substantially similar form but for the prospect of that litigation," it is protected as work product. *Id.* at 1195. "Conversely, protection will be withheld from 'documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of litigation.'" *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015) (quoting *Adlman*, 134 F.3d at 1202). The Second Circuit has noted that "courts have taken a flexible approach in determining whether the work product doctrine is applicable, asking not whether litigation was a certainty, but whether the document was created 'with an eye toward litigation.'" *A. Michael's Piano*, 18 F.3d at 146 (citation omitted). The work product doctrine applies in both civil and criminal cases. *See United States v. Nobles*, 422 U.S. 225, 236-38 (1975); *accord United States v. Weisberg*, No. 08-cr-347 (NGG) (RML), 2011 WL 1327689, at *4 (E.D.N.Y. Apr. 5, 2011).

### 2. Application

In connection with the prior round of summary judgment motions, the DOJ submitted a declaration attesting that all of the documents the NSD had withheld, with the exception of Doc Nos. 7 and 10, are:

> memoranda that were prepared by Government attorneys in reasonable anticipation of litigation. These materials were all prepared in anticipation of possible criminal prosecutions or other adjudications. The memoranda all address how to determine if information has been derived from FISA for use in criminal prosecutions or other adjudications and the application of FISA's notice provisions in those proceedings, and set out the conclusions, opinions, and legal theories of their authors in anticipation of

7

> positions to be taken in [ ] criminal prosecutions or other adjudications.

Declaration of Mark A. Bradley (Dkt. No. 49) ¶ 13. A separate declaration submitted by the DOJ provided the following characterization of NSD Doc. No. 10:

> documents withheld pursuant to the attorney-work product privilege [that] were created by, or at the direction of, Department attorneys. The drafts identified by NSD as 'Document Number 10' are drafts of a legal memorandum which discusses how to determine if information has been derived from FISA for use in criminal prosecutions or application of FISA's notice provision in those same proceedings. The drafts . . . discuss[] issues for prosecutors' consideration prior to using or disclosing FISA information in the context of criminal prosecutions of those accused of committing terrorism and/or espionage related offenses . . . [The documents] include[] statements on potential issues for prosecutors' consideration in anticipation of litigation that Department attorneys would ultimately defend on behalf of the Department.

Declaration of Vanessa Brinkmann (Dkt. No. 51) ¶¶ 16-17. As for the documents withheld by the EOUSA and NSD Doc. No. 7, the DOJ's declaration stated only that each of the documents is "part of a decision-making process among various components of the Department of Justice in preparation and anticipation of litigation involving the notice provisions of the FISA." Declaration of John Kornmeier (Dkt. No. 50) ¶ 26.

In the 2016 Opinion, the Court concluded that the DOJ had carried its burden of demonstrating the applicability of work product protection to the documents the NSD had withheld, with the exception of NSD Doc. No. 7. The DOJ's submissions established that "the documents at issue are necessarily geared to litigation in which DOJ's notice obligations under the FAA will be at issue, and that these documents 'would not have been prepared in substantially similar form but for the prospect of that litigation.'" 2016 Opinion at 21 (quoting *Adlman*, 134 F.3d at 1195). The Court's conclusion was guided by a recent decision by the Court of Appeals for the D.C. Circuit, in which that court concluded that the Federal Criminal Discovery Bluebook, "a document similar in function to the documents at issue in this case, had they been finalized and

8

provided to prosecutors as formal guidance," *id.*, was protected as work product because it was "*entirely* about the conduct of litigation," "aimed directly for use in (and will inevitably be used in) litigating cases" and "undoubtedly was created in anticipation of—and for use in—foreseeable litigation, i.e. federal criminal prosecutions." *Nat'l Ass'n of Criminal Def. Lawyers v. U.S. Dep't of Justice Exec. Office for U.S. Attorneys*, 844 F.3d 246, 254 (D.C. Cir. 2016) (emphasis in original) ("*NACDL*").[1]

As for the EOUSA documents and NSD Doc. No. 7, however, the Court concluded that the DOJ's submissions did "not provide the Court with sufficient information to determine whether work product protection applies" because the assertion in Mr. Kornmeier's declaration was "simply too conclusory to make that assessment." 2016 Opinion at 21. The Court granted the DOJ an opportunity to enhance its submissions to provide further support for that claim of work product protection. The Court deferred ruling on the applicability of the deliberative process privilege to the EOUSA documents and NSD Doc. No. 7, and stated that a ruling on the basis of the deliberative process privilege would be made in the event that DOJ was unsuccessful in demonstrating the applicability of the work product protection it had asserted. *Id.* at 25-26.

The DOJ has renewed its motion for summary judgment on the issue of work product protection for the EOUSA documents and NSD Doc. No. 7. In support of its renewed motion, the DOJ has submitted another declaration from John W. Kornmeier, an Attorney Advisor with the EOUSA. Mr. Kornmeier's declaration states:

> The documents which EOUSA has withheld under the attorney work product privilege were prepared by government attorneys in reasonable anticipation of litigation. The documents are memoranda and emails that address issues involving the notice provisions of the FISA, and the legal issues that arise in litigation involving those notice provisions. These documents discuss the legal requirements for notice to "aggrieved persons": under what circumstances does the FISA require notice, whether evidence is derived from surveillance, what factors prosecutors must consider in making their decisions, and other explicit legal issues which might arise in litigation. The documents analyze the FISA

---

[1] Because the Court concluded that the documents were protected work product, it did not evaluate whether the documents—many of which were described as non-final drafts—were exempted from disclosure on another basis.

9

> statute as well as cases interpreting it to inform prosecutors how to proceed
> where notice is an issue. In sum the documents contain opinions, legal analysis,
> and legal theories for use by prosecutors in FISA litigation and as such are
> attorney work product.

Declaration of John W. Kornmeier (Dkt. No. 63) ¶ 5. Although the quoted language appears on its face only to apply to the EOUSA documents, Mr. Kornmeier attests elsewhere in his declaration that the statements there apply to NSD Doc. No. 7 as well. *Id.* at ¶ 4.

The DOJ argues that Mr. Kornmeier's declaration "now provide[s] the same level of detail regarding the records as NSD did in the previous submissions." Memorandum of Law in Support of the Government's Renewed Motion for Summary Judgment (Dkt. No. 65) at 2. As a result, "for the same reasons the Court held NSD 'carried its burden of demonstrating the applicability of work product protection to the documents it has withheld' . . . EOUSA has carried the same burden now," and summary judgment should be granted to the DOJ finding the EOUSA documents and NSD Doc. No. 7 are entitled to work product protection. *Id.* (quoting 2016 Opinion at 21).

The DOJ's entitlement to work product protection with respect to the EOUSA documents and NSD Doc. No. 7 can be resolved by simple comparison to the declarations the Court found sufficient to establish work product protection in the 2016 Opinion. Mr. Kornmeier's new declaration, which is afforded a presumption of good faith, provides the same level of detail the Court previously found sufficient for the NSD to carry its burden of demonstrating the applicability of work product protection. Like the declarations found sufficient to establish work product protection in the 2016 Opinion, Mr. Kornmeier's declaration demonstrates that the EOUSA documents and NSD Doc. No. 7 were prepared in anticipation of litigation in which DOJ's notice obligations under the FAA will potentially be at issue, and that the documents "would not have been prepared in substantially similar form but for the prospect of that litigation." *Adlman*, 134 F.3d at

1195; *see* 2016 Opinion at 21.[2] The statements in Mr. Kornmeier's declaration regarding the applicability of work product protection are also more robust than those contained in the Declaration of Mark A. Bradley, which was submitted in connection with the first round of summary judgment motions in this case in 2015. *See* Declaration of Mark A. Bradley (Dkt. No. 19) ¶ 20.

The ACLU takes the position that work product protection is not available because "[s]traightforward legal analysis of the government's statutory obligations—untethered from any particular case—is not sufficiently tied to impending litigation or to the adversarial process to justify the protections of the work-product privilege here." ACLU Mem. at 6; *accord id.* at 7 (Mr. Kornmeier's declaration "does not identify any particular cases, actual or impending, for which the documents were created"). The ACLU also maintains that the "working law" doctrine overcomes work product protection. *Id.* at 14. The ACLU's arguments were previously rejected by the Court in the 2016 Opinion. *See* 2016 Opinion at 19; 16. The Court has reviewed the ACLU's arguments for reconsideration and will not revisit its analysis here. The conclusions in the 2016 Opinion constitute the law of the case which the ACLU cannot now rely upon to defeat the DOJ's latest motion for summary judgment inasmuch as "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991); *accord Brentwood Pain & Rehab. Servs., P.C. v. Allstate Ins.*

---

[2] The ACLU maintains that the Court's conclusion on this point in the 2016 Opinion "misunderstands how the underlying criminal prosecutions unfold." Plaintiffs' Memorandum of Law in Opposition to Defendant's Renewed Motion for Summary Judgment (Dkt. No. 66) ("ACLU Mem.") at 10, n. 3. The Court is aware that this litigation was provoked by a concern that the DOJ did (and might) not provide notice of the use of FISA-derived materials. Therefore, the Court understands the ACLU to be arguing that the issue of notice itself must be actually litigated for work product protection to attach to documents prepared by lawyers to analyze that issue. The Court cannot accept that argument. That the documents were prepared in anticipation of criminal prosecutions (*i.e.*, litigation) is sufficient. Work product protection covers analyses of possible legal issues that may arise in a litigation even if those specific issues are not ultimately joined in the anticipated litigation. *See, e.g.*, *Assadi v. U.S. Citizenship and Immigration Servs.*, No. 12-cv-1374 (RLE), 2015 WL 1500254, at *9 (S.D.N.Y. Mar. 31, 2015) (holding that work product protection applied to attorney's "summary of the potential issues in the contemplated lawsuit").

11

*Co.*, 508 F. Supp. 2d 278, 288 (S.D.N.Y. 2007) (same).

## B. Segregability

The DOJ also requests summary judgment on the issue of segregability with respect to the approximately 80 documents the EOUSA and NSD have withheld (*i.e.*, all of the documents responsive to the ACLU's request). Because the DOJ's declaration on this point demonstrates that the documents do not contain non-exempt material that is reasonably segregable, the DOJ's motion on this issue is also granted.

### 1. Legal Standard

FOIA mandates that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 552 U.S.C. § 552(b). "This provision requires agencies and courts to differentiate among the contents of a document rather than to treat it as an indivisible 'record' for FOIA purposes." *F.B.I. v. Abramson*, 456 U.S. 615, 626 (1982); *accord Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007) ("Before approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld.").

"Any part of [a document] prepared in anticipation of litigation, not just the portions concerning opinions, legal theories, and the like, is protected by the work product doctrine and falls under exemption 5." *Tax Analysts v. I.R.S.*, 117 F.3d 607, 620 (D.C. Cir. 1997) (internal quotation marks omitted); *see also Shinnecock Indian Nation v. Kempthorne*, 652 F. Supp. 2d 345, 371 (E.D.N.Y. 2009) ("With respect to the work product doctrine, because the protection applies to both factual and opinion-related material, no segregability issues arise."). In *NACDL*, however, the D.C. Circuit observed that "[i]n cases involving voluminous or lengthy work-product records," such as the 500 plus page document at issue there, "it [is] generally preferable for courts to make at least a preliminary assessment of the feasibility of segregating nonexempt material." 844 F.3d at 256-57.

12

The D.C. Circuit further remarked that "[m]aterial is more likely to be segregable in longer documents with logically divisible sections." *Id.* at 257 (citation and internal quotation marks omitted). But that court did note that the segregability analysis it ordered the district court to conduct on remand "does not call for parsing" the document at issue "line-by-line" or "segregating material dispersed throughout the document," but "[i]nstead, the emphasis is on segregation of non-exempt material found in logically divisible sections." *Id.* (citations and internal quotation marks omitted).

Non-exempt information is not reasonably segregable when it is "inextricably intertwined" with the exempt information in a document "such that disclosure would compromise the confidentiality of [exempt] information that is entitled to protection." *Hopkins v. U.S. Dep't of Housing and Urban Dev.*, 929 F.2d 81, 86 (2d Cir. 1991) (citation and internal quotation marks omitted); *accord Inner City Press/Community on the Move v. Bd. of Gov. of Fed. Reserve Sys.*, 463 F.3d 239, 249 n. 10 (2d Cir. 2006) ("[I]nformation that is 'inextricably intertwined' with exempt information cannot be disclosed . . . .") ; *ACLU v. F.B.I.*, No. 11-cv-7562 (WHP), 2015 WL 1566775, at *3 (S.D.N.Y. Mar. 31, 2015) ("[A]ny portions of a document that fall outside of FOIA's exemptions must be disclosed unless they are 'inextricably intertwined' with the exempt material."). Moreover, courts have held that disclosure is not required when, after segregation, all that is left is "a few nuggets of non-intertwined" information. *Lead Indus. Ass'n, Inc. v. OSHA*, 610 F.2d 70, 88 (2d Cir. 1979); *accord Sussman v. U.S. Dep't of Justice*, No. 03-cv-3618 (DRH) (ETB), 2006 WL 2850608, at *17 (E.D.N.Y. Sept. 30, 2006) (agency need not disclose "edited document with little informational value"); *Elec. Privacy Info. Ctr. v. Office of the Dir. of Nat. Intelligence*, 982 F. Supp. 2d 21, 31-32 (D.D.C. 2013) ("token release" of non-exempt information with "little informational value" not necessary under FOIA).

### 2. Application

In the 2016 Opinion, the Court granted summary judgment to the DOJ on the issue of segregability with respect to NSD Doc. No. 10 only. The Court required the DOJ to conduct a segregability analysis with respect to the remaining documents withheld by the NSD that the Court had found to be within the scope of Exemption 5. And the Court deferred ruling on the question of segregability with respect to the documents withheld by the EOUSA and NSD Doc. No. 7.

In support of its latest summary judgment motion, the DOJ has provided sworn declarations on the issue of segregability from Mr. Kornmeier and from Susan L. Kim, an Attorney Advisor in the FOIA and Declassification Unit of the Office of Law and Policy at the NSD. These declarations provide a sufficient basis on which to grant summary judgment to the DOJ, on the ground that the documents at issue are not comprised of logically divisible sections which lend themselves to the reasonable segregability of exempt from non-exempt materials.

Mr. Kornmeier's declaration, which covers the EOUSA documents and NSD Doc. No. 7, states that:

> These documents are not large manuals divided into logically divisible sections that are amenable to the reasonable segregation of non-exempt information. These documents range from 1 to 38 pages. EOUSA examined each page of each document to determine if there was any non-exempt information it could reasonably segregate. The documents contain no reasonably segregable non-exempt information that can be released without potentially compromising privileged information. Any non-privileged material in the documents, to the extent it exists, is so inextricably intertwined with the privileged material that the release of any non-exempt information would produce no meaningful information responsive to the ACLU request.

Kornmeier Decl. ¶ 6. Ms. Kim's declaration, which pertains to the NSD documents that the Court previously concluded were properly withheld under FOIA Exemption 5, *see* 2016 Opinion at 21, similarly provides:

> I carefully examined each page of [the withheld NSD documents]. First, none of these . . . documents is voluminous; the number of pages for each of these documents ranges from one to thirty-eight. Second, while some of these

14

> documents are divided into subparts to help organize the drafters' thoughts and assist the readers, none of them have the same logically divisible sections which discuss separate and distinct components of the law as is the case with the Federal Criminal Discovery Blue Book, the manual at issue in *National Association of Criminal Defense Lawyers v. United States,* 829 F.3d 741 (D.C. Cir. 2016). Finally, these records contain no reasonably segregable, non-exempt information that can be released without potentially compromising privileged information. Any arguably non-privileged material in the relevant portions of these thirty documents is so inextricably intertwined with the privileged material that, if the documents were redacted, the remaining non-exempt information would consist of block quotations from the FISA or other information of minimal or no information value. Accordingly, the release of such documents would produce no meaningful information responsive to the ACLU request.

Declaration of Susan L. Kim (Dkt. No. 64) ¶ 5.

Mr. Kornmeier and Ms. Kim's declarations, which as noted are accorded a presumption of good faith, attest that the documents withheld from the ACLU (aside from NSD Doc. No. 10, discussed above) contain no reasonably segregable non-exemption information. According to these declarations, the documents are not long and easily divided into logically divisible sections like those at issue in *NACDL* but rather, are between one and thirty eight pages and contain exempt material that is inextricably intertwined with any non-exempt material. Based upon these declarations, the Court concludes that the DOJ has sufficiently demonstrated that the records do not contain reasonably segregable non-exempt material. Moreover, the ACLU has not provided any basis to defeat the presumption of good faith to which these declarations are entitled. The DOJ is entitled to summary judgment on the issue of segregability as to all documents it has withheld under FOIA Exemption 5 in response to the ACLU's request.

## IV.  CONCLUSION

For the reasons stated above, the DOJ's motion for summary judgment (Dkt. No. 62) is GRANTED.

The Clerk of Court is directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: May 2, 2017
New York, New York

_____
GREGORY H. WOODS
United States District Judge